# Case No. 4,692.

## FAUNTLEROY v. HANNIBAL.

[5 Dill. 219.] [1]

Circuit Court, E. D. Missouri. 1879.[2]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in Hannibal v. Fauntleroy, 105 U. S. 408.]

relating to the coupons and accrued interest thereon must continue to bear the same rate. Rogers v. Lee Co. [Case No. 12,013]; Cromwell v. Sac Co., 96 U. S. 51.

Let judgment be entered accordingly.

Judgment accordingly.

## Case No. 4,693.

### The FAVORITA.

[1 Ben. 30.] [1]

District Court, E. D. New York. Feb. 1866. [2]

Grant & Grant and Joseph Shippen, for plaintiff.

Krum & Krum, for defendant.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge. The Missouri statutes on the subject of interest must govern. The contracts were made in this state and are sought to be enforced here. No substantial difference as to the points here involved exists between the statutes of Missouri and those of Iowa, which have received judicial construction, both by the United States circuit court for Iowa and by the United States supreme court. Applying those rulings to this case, we hold that the plaintiff is entitled to ten per cent interest upon the principal of his bonds from their maturity to date of judgment, and that thereafter so much of the judgment as relates thereto must continue to bear the same rate. This is because the Missouri statute allowed the parties to so contract, and they by the terms of the bonds did so contract. And we further hold that the plaintiff is entitled to but six per cent upon the coupons, as there is no rate of interest expressed therein, and that thereafter the portion of the judgment

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[2] [Reversed in Case No. 4,695.]